**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1524
_____

UNITED STATES OF AMERICA

v.

ISAIAH KAHLIL WISE,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cr-00511-001)
District Judge: Honorable W. Scott Hardy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 10, 2025

Before: KRAUSE, PORTER, and AMBRO, *Circuit Judges.*

(Filed: June 26, 2025)

_____

OPINION[*]
_____

PORTER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

# I

In 2021, Isaiah Wise visited a gun show while on state probation for felonies including heroin and fentanyl trafficking, unlawful firearm possession, and endangering the welfare of children. At the gun show, Wise purchased a pistol, magazine, and ammunition before returning to his car. Law enforcement officers were conducting surveillance at the show and observed Wise inside the car with a gun. Aware that Wise had prior felony convictions, the officers confronted him and confiscated the gun, magazine, and ammunition.

A federal grand jury indicted Wise under 18 U.S.C. § 922(g)(1) for possessing a firearm after a prior felony conviction. He moved to dismiss the indictment, arguing that § 922(g)(1) violates the Second Amendment as applied to him. The District Court denied his motion. Wise then entered a guilty plea but reserved his right to appeal the issues raised in his motion to dismiss the indictment. The District Court imposed a sentence of 33 months of imprisonment plus three years of supervised release.

Wise now appeals, rehashing his as-applied challenge to § 922(g)(1) and arguing for the first time that § 922(g)(1) is unconstitutional on its face.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error. *See United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011).

## II

In *United States v. Moore*, we considered whether disarming convicts on supervised release was "consistent with the Nation's historical tradition of firearm regulation." 111 F.4th 266, 269 (3d Cir. 2024) (quoting *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022)). After conducting the historical analysis required under *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024), we concluded that the government had met its burden to show that "history and tradition support disarming convicts who are completing their sentences," including those on supervised release. *Moore*, 111 F.4th at 273. In *United States v. Quailes*, we extended *Moore*'s logic to state equivalents of federal supervised release, "including a sentence of parole or probation." 126 F.4th 215, 217 (3d Cir. 2025).

Wise admits that *Moore* likely forecloses his Second Amendment challenges. He is correct. *Moore* and its extension in *Quailes* control the outcome here. Wise was on state probation at the time of his indictment and therefore § 922(g)(1) was constitutional as applied to him. And since Wise's as-applied challenge to § 922(g)(1) fails, his facial challenge necessarily fails because he cannot "establish that no set of circumstances exists under which the Act would be valid." *Rahimi*, 602 U.S. at 693 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).[2]

\*　　\*　　\*

---

[2] The Government asserts that the appellate waiver in Wise's plea agreement prevents him from now raising a facial challenge to § 922(g)(1). We need not consider that argument here because Wise's facial challenge would fail regardless.

For the reasons discussed above, we will affirm the District Court's order denying Wise's motion to dismiss the indictment.